IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID LIBRACE                                                                                     PLAINTIFF

V.                                           NO. 2:16CV00007-DPM-PSH

CAROLYN W. COLVIN,                                                                         DEFENDANT
Acting Commissioner,
Social Security Administration

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction:

Plaintiff, David Librace, applied for Title II disability insurance benefits on May 12, 2010. (Tr. at 11).  After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 13).  The Appeals Council denied Mr. Librace's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Librace has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

### II. The Commissioner's Decision:

The issue before the ALJ was whether Mr. Librace met the insured status requirement, which provides that a claimant must have at least 20 quarters of coverage in the previous 40 quarters to be

entitled to disability insurance benefits. *See Desselle v. Barnhart*, 415 F.3d 861, 862 (8th Cir. 2005); 20 C.F.R. § 404.130(b). Mr. Librace alleges that additional earnings should have been calculated to secure insured status. The ALJ found that there was no evidence to support his allegation, and found that Mr. Librace did not have sufficient quarters to meet the insured status requirement. (Tr. at 13)

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole

which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

    B. Mr. Librace's Arguments on Appeal

Mr. Librace, who is before this Court without the aid of an attorney, alleges first that the ALJ "ordered, deleted, perjured, harassed, and failed to assist" him. Mr. Librace provides no evidence that the ALJ treated him unfairly or otherwise wronged him. He claimed only that he was entitled to documents which the ALJ did not make part of the record. The ALJ gave good reasons for excluding the records Mr. Librace sought (they were not relevant to the issues in the case, and they contained personally identifiable information about other individuals). (Tr. at 13). ALJs maintain a presumption of honesty and integrity, and absent clear evidence to the contrary, courts presume that they have properly discharged their official duties. *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011); *Wilburn v. Astrue*, 626 F.3d 999, 1003-4 (8th Cir. 2010). Mr. Librace has not provided any evidence that the ALJ acted in any way injurious to him, or that he did not provide a fair chance to be heard.

The chief argument on appeal is that the Commissioner erred in the calculation of Mr. Librace's quarters. Mr. Librace contends that he worked other jobs under three different Social Security numbers, which were not counted in the assessment of eligibility. Mr. Librace is reminded that he had the burden of establishing sufficient quarters. *See Johnson v. Gardner*, 401 F.2d 518, 519 (8th Cir. 1968). Nevertheless, based on Mr. Librace's allegations, the Forrest City Social Security District Office attempted to contact the several employers listed by Mr. Librace. (Tr. at 13). None of the employers located reported earnings under the various Social Security numbers Mr. Librace provided. Consequently, Mr. Librace has not met his burden to establish his eligibility,

and he did not meet the insured status requirement.  The ALJ did not err in that determination.

## IV. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Mr. Librace is not insured for Title II benefits.   The decision, therefore, should be affirmed.  The case should be dismissed, with prejudice.

IT IS SO ORDERED this 19th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE